# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:   FRANCISCO L. RODRIGUEZ,                          No. 7-14-11243 JA

    Debtor.

VISTA MANUFACTURED HOME COMMUNITY, L.P.,

    Plaintiff,

v.                                                         Adversary No. 14-1078 J

FRANCISCO L. RODRIGUEZ,

    Defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court held a trial on the merits of this adversary proceeding on January 29, 2015 and took the matter under advisement. Plaintiff, Vista Manufactured Home Community, L.P. ("Vista") was represented by Michael K. Daniels. Defendant, Francisco L. Rodriguez, represented himself, *pro se*. Vista claims that a debt owed under a judgment it obtained against Mr. Rodriguez in state court is non-dischargeable under 11 U.S.C. § 523(a)(0032)(A).[1] Mr. Rodriguez is an experienced landscaper but is not a licensed contractor. He performed and was fully paid for a landscaping project at Vista's manufactured home park that was never completed to Vista's satisfaction. Vista asserts that 1) Mr. Rodriguez made a false representation to Vista that he was the owner of Gonzales Landscaping[2], 2) Mr. Rodriguez knew this representation was false when he made it; 3) Mr. Rodriguez made the false representation with intent to deceive

---

[1] The Complaint to Determine Dischargeability of Debt ("Complaint") also included non-dischargeability claims under 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 523(a)(6). All claims in the Complaint were premised on the same factual allegations. No pre-trial order was entered in this adversary proceeding. At closing argument Plaintiff confined its claim to 11 U.S.C. § 523(a)(2)(A). By failing to request relief under other subsections of 11 U.S.C. § 523 at trial, Plaintiff has abandoned those claims, and the Court will not consider them.

[2] The Complaint also alleges that Mr. Rodriguez made a false representation that he was a licensed contractor. Vista no longer bases its non-dischargeability claim on a false representation that Mr. Rodriguez was a licensed contractor.

Vista; 4) Vista justifiably relied on this false representation in awarding him the contract; 5) Mr. Rodriguez's false representation was both the actual cause in fact and proximate cause of Vista's damages because the project was incompetently performed.  For the reasons explained below, the Court has determined that Vista failed to establish all the required elements of its non-dischargeability claim.  The debt at issue is, therefore, dischargeable.

FINDINGS OF FACT

Francisco Rodriguez has more than twenty-five years of experience doing landscaping work.  He is not, however, a licensed landscaper.  Though never formally married, Francisco Rodriguez and Guadalupe Gonzales have lived together in a relationship tantamount to marriage for twenty-four years.  Ms. Gonzales does business as Gonzales Landscaping.  Ms. Gonzales generally prepares all of the paperwork for the business, and Mr. Rodriguez does the landscaping work.  Mr. Rodriguez works for Gonzales Landscaping as a side job as a way to earn additional income.

Francisco Rodriguez's sister, Claudia Rodriquez, worked for Vista as park manager of its manufactured home park.  Guadalupe Gonzales prepared a proposal for a landscaping project to be completed at the park.  *See* Exhibit C.  The proposal is dated March 30, 2012.  *Id.*  The proposal contains the following handwritten comments:  1) drought resistant;  2) will insure all sprinklers Rainbird, heads Rainbird with half-moon heads and a few adjustable heads; and 3) identify sod – 70%, 10% , 20%.  *Id.*  The header on the proposal identifies Gonzales Landscaping, 409 Dorado Ct. SE.  The proposal states that it was submitted by Francisco Rodriguez owner of Gonzales Landscaping, and that checks are to be made payable to Francisco Rodriguez.  The proposal states further that the cost for the project is $7,500, with $3,750 to be paid to start, and the balance due upon job completion.

Karen Smith is a project manager for the company that manages Vista. She oversees five Vista properties including the manufactured home park where Mr. Rodriguez performed the landscaping project. When Vista decides to undertake a project for one of its managed properties, Ms. Smith would request comparison bids. The on-site managers would then send raw contracts to Ms. Smith for her review and comment. Vista has a policy not to award contracts to unlicensed contractors. Vista also required a certificate of insurance naming Vista as an additional insured and a W-9 to be provided to it before starting a job. The landscaping project awarded to Gonzales Landscaping required the removal of all existing grass, evaluation of the existing sprinkler system, preparation of the soil, replacement of sprinklers to make sure all sprinklers were of the same brand, repair of the existing sprinkler system to insure that the sprinkler system was operational, and re-sodding approximately 7500 square feet. Ms. Smith looked at approximately fifteen proposals, and from those, she decided on three bids. She rejected many of the proposals because the landscaper failed to identify the materials to be used, or because of a lack of insurance.

Guadalupe Gonzales, Claudia Rodriguez, and the maintenance supervisor for the park together prepared the contract between Vista and Guadalupe Landscaping (the "Contract") (Exhibit A/Exhibit 1). Claudia Rodriguez then submitted the Contract to Karen Smith. Ms. Gonzales and Ms. Smith never spoke to each other. Ms. Gonzales does not know whether Claudia Rodriguez ever told Karen Smith that Francisco Rodriguez is Claudia Rodriguez's brother. Francisco Rodriguez was not involved in negotiating or preparing the Contract. Claudia Rodriguez indicated that she had been getting estimates for the landscaping project from other landscapers but that they were too expensive.

Keith Cunning signed the Contract on behalf of Cunning Management, Vista's general partner, on May 17, 2012. *See* Exhibit 1 and Exhibit A. The Contract identifies Gonzales Landscaping at the top and includes the following statements:

> PAYMENT SCHEDULED AS FOLLOWS: $3,750 TO START AND THE BALNCE OF $3,750 UPON JOB COMPLETION
>
> SUBMITTED BY: FRANCISCO RODRIGUEZ owner of GONZALES LANDSCAPING (CHECKS ARE TO BE MADE PAYABLE TO FRANCISCO RODRIGUEZ)

*See* Exhibit A and Exhibit 1.

Ms. Gonzales prepares the paperwork for Guadalupe Landscaping. Francisco Rodriguez is in charge of the landscaping work performed by the business.

Keith Cunning is the only person who signed the Contract. Karen Smith stamped a boilerplate provision on the Contract requiring proof of liability and workers compensation insurance and a W-9. The W-9, dated March 16, 2012, that Gonzales Landscaping submitted to Vista for the project names Guadalupe Gonzales as the person named on the tax return, with a business name of Gonzales Landscaping. *See* Exhibit 1, p. 2. The Certificate of Liability Insurance Gonzales Landscaping submitted to Vista for the project, also dated March 16, 2012, identifies "Gonzales Landscaping, Guadalupe Gonzales, dba" as the insured. *See* Exhibit 1, p.3 and Exhibit B. "Vista Manufactured Home Community" is listed as the Certificate Holder. *See* Exhibit 1, p. 3.

Francisco Rodriguez never affirmatively represented to Vista that he was a licensed contractor. The first time Karen Smith met with Francisco Rodriguez was on June 12, 2012, after the Contract had already been awarded. There was a problem with the delivery of the sod, causing a two-week delay. Claudia Gonzales, on behalf of Vista, paid her bother Francisco Rodriguez the full amount of the Contract, and Mr. Rodriguez cashed the check. Mr. Rodriguez

-4-

believes he completed the job in a professional manner. Vista was not satisfied with the work performed or the outcome of the project. The sod did not adhere to the soil and died.

Vista filed a lawsuit against Mr. Rodriguez in the Metropolitan Court, State of New Mexico, County of Bernalillo as Case No. T-4-CV-2012-010747 (the "State Court Case"). *See* Exhibit 2. The caption of the State Court Case is Vista Manufactured Home Community Limited Partnership v. Francisco Rodriguez doing business as Gonzales Landscaping, and Guadalupe Gonzales, doing business as Gonzales Landscaping. *Id.* Vista obtained a judgment against Mr. Rodriguez in the State Court Action (the "Judgment"). The Judgment includes the following findings of fact:

1. Defendant Francisco Rodriguez held himself out as the owner of the landscape business, when in fact Guadalupe Gonzales in the owner of Gonzales Landscaping;

2. The Defendants prepared the contract with states, "Francisco Rodriguez, owner of Gonzales Landscaping;"

3. Plaintiff[ ] entered into the contract with Defendants believing Defendant, Francisco Rodriguez, the brother of Plaintiff's park manger, was the owner.

Karen Smith testified that had she known that Francisco Rodriguez was not the owner of Gonzales Landscaping, Vista would not have awarded Gonzales Landscaping the Contract. She testified that she needs to know the identity of the true owner of Gonzales Landscaping to make sure the Contract correctly stated who was to be paid for the work, and so she could properly verify that insurance is in place. Ms. Smith verified the Certificate of Liability Insurance before Mr. Rodriguez started work on the landscaping project.

## CONCLUSIONS OF LAW

A. *The collateral estoppel effect of the state court judgment*

Issue preclusion, also known as collateral estoppel, bars the same parties from re-litigating an ultimate fact or issue already determined in an earlier lawsuit. *See Hill v. Putvin (In re Putvin),* 332 B.R. 619, 624 (10th Cir. BAP 2005)("Collateral estoppel or issue preclusion is a doctrine that prohibits the relitigation between the same parties of issues of ultimate fact that have been determined by a valid and final judgment.")(citation and internal quotation marks omitted).[3] A bankruptcy court will give preclusive effect to a state court judgment if all the required elements of collateral estoppel have been satisfied. *See Grogan v. Garner,* 498 U.S. 279, 284-85 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)(clarifying that "collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."); *Brown v. Brown (In re Brown),* 2013 WL 5376541, *3 (Bankr.D.N.M. Sept. 25, 2013)(explaining that "[a] state court judgment can have collateral estoppel effect for purposes of establishing the non-dischargeability of a particular debt under 11 U.S.C. § 523 . . .")(citations omitted). To determine the preclusive effect of a judgment, the Court applies the law of the state in which the judgment was entered.[4] Collateral estoppel applies under New Mexico law when the following four elements are present: "(1) the party to be estopped was a party to the prior proceeding, (2) the cause of action in the case presently before the court is different from the cause of action in

---

[3]*See also, Shovelin v. Central New Mexico Elec. Co-op., Inc.,* 115 N.M. 293, 297, 850 P.2d 996, 1000 (1993)(collateral estoppel prevents "the relitigation of 'ultimate facts or issues actually and necessarily decided in a prior suit.'")(quoting *Int'l Paper Co. v. Farrar,* 102 N.M. 739, 741, 700 P.2d 642, 644 (1985)(quoting *Adams v. United Steelworkers,* 97 N.M. 369, 373, 640 P.2d 475, 479 (1982)(additional internal quotation marks omitted)).
[4]*See Gonzales v. Hernandez,* 175 F.3d 1202, 1204 (10th Cir. 1999)("A federal court is required to give a state court judgment the same preclusive effect it would be given under the laws of the state in which it was rendered.") (citations omitted); *Jarrett v. Gramling,* 841 F.2d 354, 356 (10th Cir. 1988)(explaining that under the Full Faith and Credit Act, 27 U.S.C. § 1738 (1982), federal courts are required to "give the same preclusive effect to a state-court judgment that the judgment would be given in the courts of the state in which the judgment was rendered.") (citations omitted); *In re Fordu,* 201 F.3d 693, 703 (6th Cir. 1999)("When a federal court is asked to give preclusive effect to a state court judgment, the federal court must apply the law of the state in which the prior judgment was rendered in determining whether and to what extent the prior judgment should be given preclusive effect in a federal action.")(citations omitted).

-6-

the prior adjudication, (3) the issue was actually litigated in the prior adjudication, and (4) the issue was necessarily determined in the prior litigation." *Ideal v. Burlington Resources Oil & Gas Co. LP,* 148 N.M. 228, 231-32, 233 P.3d 362, 365-66 (2010)(citing *Shovelin,* 115 N.M. at 297, 850 P.2d at 1000)(remaining citation omitted).

The Judgment satisfies the requirements of collateral estoppel under New Mexico law. The same parties in this adversary proceeding were parties in the State Court Case. The causes of action in the adversary proceeding are different from the causes of action in the State Court Case. The parties actively participated in the State Court Case that resulted in the entry of the Judgment after a trial on the merits. The Judgment contains findings of fact that were necessary to the State Court's determination that Mr. Rodriquez violated the New Mexico Unfair Practices Act, N.M.S.A. 1978 § 57-12-1. *See* Judgment - Exhibit 2.

The following facts are conclusively established for purposes of Plaintiff's non-dischargeability claim: 1) Francisco Rodriguez and Guadalupe Gonzales prepared the Contract; 2) Francisco Rodriguez held himself out to Vista as the owner of Gonzales Landscaping when, in fact, he is not; and 3) Vista entered into the Contract believing that Francisco Rodriguez was the owner of Gonzales Landscaping.

    B. *Non-dischargeability of debt under 11 U.S.C. § 523(a)(2)(A) based on a false representation*

Vista asserts that the Judgment it obtained against Mr. Rodriguez is non-dischargeable under 11 U.S.C. § 523(a)(2)(A) as a debt "for money . . . obtained by . . . a false representation." 11 U.S.C. § 523(a)(2)(A). To prevail, Vista must establish the following elements by a preponderance of the evidence:[5] 1) that Mr. Rodriguez made a false representation to Vista; 2) that Mr. Rodriguez made the false representation with intent to deceive Vista; 3) that Vista relied

---
[5]*See Grogan,* 498 U.S.at 291 (the creditor bears the burden of proof for non-dischargeability claims under the preponderance of the evidence standard).

-7-

on the representation; 4) that Vista's reliance was justifiable; and 5) that Mr. Rodriguez's false representation caused Vista to sustain a loss.[6]  Courts in the Tenth Circuit construe non-dischargeability under 11 U.S.C. § 523(a)(2)(A) narrowly by limiting it to "'frauds involving moral turpitude or intentional wrong.'" *DSC Nat'l Properties, LLC v. Johnson (In re Johnson),* 477 B.R. 156, 169 (10th Cir. BAP 2012)(quoting *Driggs v. Black (In re Black),* 787 F.2d 503, 505 (10th Cir. 1986)(abrogated on other grounds by *Grogan,* 498 U.S. 279)(remaining citations omitted)).

*Vista did not prove intent to deceive*

The findings in the Judgment establish that Mr. Rodriguez made a false representation to Vista that he owned Gonzales Landscaping and that Vista relied on his false representation by believing him and awarding him the Contract.  The second element, intent to deceive, requires the debtor to "have acted with the *subjective intent* to deceive the creditor."  *Johnson,* 477 B.R. at 169 (emphasis in *Johnson*).  A subjective intent to deceive is often based on circumstantial evidence because a debtor rarely admits to fraudulent intent.  *Cago, Inc. v. Slade (In re Slade),* 471 B.R. 626, 640 (Bankr.D.N.M. 2012)(citing *Young,* 91 F.3d at 1375).  The Court determines this question of fact based on the totality of the circumstances.  *See Young,* 91 F.3d at 1375 ("[T]he debtor's intent to deceive the creditor in making false representations to the creditor may be inferred from the totality of the circumstances.")(additional internal quotation marks and

---

[6]*See Fowler Bros. v. Young (In re Young),* 91 F.3d 1367, 1373 (10th Cir. 1996)(the required elements under 11 U.S.C. § 523(a)(2)(A) are: "1) [t]he debtor made a false representation; the debtor made the representation with the intent to deceive the creditor; the creditor relied on the representation; the creditor's reliance was [justifiable]; and the debtor's representation caused the creditor to sustain a loss."); *Field v. Mans,* 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995)(changing the standard of reliance under 11 U.S.C. § 523(a)(2)(A) from "reasonable" to "justifiable."). *See also, Johnson v. Riebesell (In re Riebesell),* 586 F.3d 782, 789 (10th Cir. 2009)(same); *Guinn v. Anderson (In re Anderson),* 403 B.R. 871, 877 (Bankr.D.Kan. 2009)(articulating the five elements as follows:  "(1) The debtor made a representation; (2) at the time of the representation, the debtor knew it to be false; (3) the debtor made the representation with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on the representation; and (5) the creditor sustained the alleged loss and damage as a proximate result of the representation having been made.")(citations omitted).

-8-

citations omitted). *See also, Johnson,* 477 B.R. at 169 ("A subjective intent to deceive may be inferred from the totality of the circumstances.")(citing *First Nat'l Bank v. Cribbs (In re Cribbs),* 327 B.R. 668, 673 (10th Cir. BAP 2005), *aff'd,* 2006 WL 1875366 (10th Cir. July 7, 2006)(remaining citation omitted). To find fraudulent intent based on circumstantial evidence, the Court considers whether "the totality of the circumstances 'presents a picture of deceptive conduct by the debtor which indicates intent to deceive the creditor.'" *Groetken v. Davis (In re Davis),* 246 B.R. 646, 652 (10th Cir. BAP 2000), *aff'd in part, vacated in part on other grounds,* 35 Fed.Appx. 826 (10th Cir. 2002)(quoting 3 William L. Norton, Jr., Norton Bankruptcy Law and Practice 2d § 47:16, n. 62 (1999)(citing *In re Devers,* 759 F.2d 751 (9th Cir. 1985)).

The Court does not find that that Mr. Rodriguez misrepresented his ownership of Gonzales Landscaping with the subjective intent to deceive Vista. Guadalupe Gonzales and Francisco Rodriquez have been together for twenty four years in a relationship akin to marriage. Ms. Gonzales prepares the paperwork for Guadalupe Landscaping; Mr. Rodriguez is in charge of the landscaping work performed by the business. Thus, they operate the unincorporated business together. Ms. Gonzales's ownership of Gonzales Landscaping was disclosed in the Certificate of Liability Insurance and W-9 provided to Vista. The Court is bound by the findings contained in the Judgment. That Mr. Rodriquez falsely represented to Vista that he owned Gonzales Landscaping has been established by collateral estoppel. But Vista offered insufficient circumstantial evidence from which the Court will infer that the false representation was made with the intent to deceive Vista.

*Vista did not prove justifiable reliance*

The Judgment also establishes that Vista relied on Mr. Gonzalez's false representation of ownership. A finding of non-dischargeability requires that the reliance be justifiable. *See Field,*

516 U.S. at 74 (holding "that § 523(a)(2)(A) requires justifiable, but not reasonable, reliance.")(citations omitted). Justifiable reliance is measured by a subjective standard, taking into account "'the qualities and characteristics of the particular plaintiff, and the circumstances of the particular case, rather than [applying] a community standard of conduct to all cases.'" *Riebesell,* 586 F.3d at 792 (quoting *Field,* 516 U.S. at 71). Justifiable reliance nevertheless requires the plaintiff to "'use his senses' and at least make a 'cursory examination or investigation' of the facts of the transaction before entering into it." *Id.* (quoting *Field,* 516 U.S. at 71). Reliance is not justifiable if the facts and circumstances make it apparent from a cursory glance that the representations are false, or where the creditor "'has discovered something which should serve as a warning that he is being deceived.'" *The William W. Barney, M.D. P.C. Ret. Fund v. Perkins (In re Perkins),* 298 B.R. 778, 792 (Bankr.D.Utah 2003)(quoting *Field,* 516 U.S. at 71)(citing W. Prosser, Law of Torts § 108, p. 718 (4th ed. 1971)).[7]

Vista's reliance on Mr. Rodriguez's false representation of ownership was not justifiable. The Contract required Guadalupe Landscaping to provide a W-9 and a Certificate of Liability Insurance before work on the project could begin. The W-9 and the Certificate of Liability Insurance Guadalupe Landscaping submitted to Vista are dated before the Contract was signed. Both documents identify Guadalupe Gonzales (not Francisco Rodriguez) as doing business as Guadalupe Landscaping. *See* Exhibit 1, pp. 2 and 3. Karen Smith on behalf Vista of specifically checked the Certificate of Liability Insurance before Vista awarded the Contract to Gonzales Landscaping and was satisfied that the required insurance was in place. Vista was on actual notice of the falsity of Mr. Rodriguez's statement of ownership in the Contract based on the information contained in the W-9 and the Certificate of Liability Insurance.

---

[7]*See also, In re Audley,* 268 B.R. 279, 282 n.7 (Bankr.D.Kan. 2001)(stating that "reliance is not justifiable if the recipient of the misrepresentation could have appreciated its falsity at the time by the use of his senses.")(citing *Field,* 516 U.S. 59).

-10-

*Vista did not prove causation*

The Court is also not convinced that Mr. Rodriguez's misrepresentation of ownership established by the Judgment was the cause of Vista's damages. Ms. Smith testified that she would not have awarded the Contract to Gonzales Landscaping had she known that he did Mr. Rodriguez not own Gonzales Landscaping. Vista would not have suffered any damages had Gonzales Landscaping not performed the work at all. But "[c]ausation in non-dischargeability fraud cases requires more than 'but for' causation." *Cabrera v. Larranaga (In re Larranaga),* 2011 WL 1344562, *6 (Bankr.D.N.M. April 8, 2011)(citing *In re Melcher,* 319 B.R. 761, 773 (Bankr.D.Colo. 2004)(citing *United States v. Spicer,* 57 F.3d 1152, 1157 (D.C.Cir. 1995)(remaining citations omitted). For purposes of dischargeability under 11 U.S.C. § 523(a)(2)(A) the alleged fraud must also be the proximate cause of the debt. *Hernandez v. Musgrave (In re Musgrave)*, 2011 WL 312883, *9 (10th Cir. BAP Feb. 2, 2011)(unpublished).[8] A false representation is the proximate cause of damage when the false representation is a "'substantial factor in determining the course of conduct that results in [the] loss,'" and the "creditor's loss [can] 'reasonably be expected to result from the creditor's reliance'" on the debtor's misrepresentation. *Musgrave,* 2011 WL 312883 at * 9-*10 (quoting Restatement (Second) of Torts (1976) § 546 and § 548A).

Karen Smith testified that had she known that Francisco Rodriguez was not the owner of Gonzales Landscaping, Vista would not have awarded Gonzales Landscaping the Contract. She testified further that she needed to know the identity of the true owner of Gonzales Landscaping to make sure the Contract correctly stated who was to be paid for the work, and so she could properly verify that insurance is in place. There is no evidence that payment of the Contract price to Mr. Rodriguez instead of to Gonzales Landscaping caused Vista any harm, or that the

---

[8] *See also, Gem Ravioli, Inc. v. Creta (In re Creta)*, 271 B.R. 214, 218-219 (1st Cir. BAP 2002)(same).

-11-

required insurance was not in place.  Further, the evidence suggests that had Vista known that Guadalupe Gonzales owned Gonzales Landscaping, the job would have been awarded to Gonzales Landscaping nonetheless but under a contract that named the true owner of the business.  Unlike some cases in which the causation requirement is satisfied because the misrepresentation touches the essence of the transaction, *see, e.g., Creta,* 271 B.R. at  222 (causation found where the debtor misrepresented his competency or experience to perform the work)*,* that is not so here.   Accordingly, Mr. Rodriguez's false representation of ownership was not the proximate cause of the loss Vista suffered.

## CONCLUSION

Even though the Judgment Vista obtained against Mr. Rodriguez establishes that he made a false representation of ownership of Gonazles Landscaping to Vista and that Vista believed Mr. Rodriguez was the owner of the business when it entered into the Contract, the surrounding facts and circumstances fall short of establishing that Mr. Rodriguez had the subjective intent to deceive Vista, that Vista justifiably relied on Mr. Rodriguez's false representation , or that the false representation of ownership proximately caused Vista's damages.[9]  Vista may have been rightly dissatisfied with Mr. Rodriguez 's work, but Mr. Rodriguez's ultimate failure to perform the work to Vista's satisfaction is insufficient to establish a non-dischargeable debt. *Cf.  Cobra Well Testers, LLC v. Carlson (In re Carlson),* 2008 WL 8677441, *3 (10th Cir. Jan. 23, 2008)(unpublished)(stating that "a 'mere inability or failure to perform is not, in itself, sufficient evidence of  fraudulent intent [for purposes of § 523(a)(2)(A)].'")(quoting *Williams v. Zachary (In re Zachary),* 147 B.R. 881, 883 (Bankr.N.D.Tex. 1992)(remaining citations omitted)).  As the Tenth Circuit has cautioned, dischargeability exceptions "are to be narrowly construed, and

---

[9]The Court certainly does not condone performance of landscaping work by an unlicensed contractor.  The misrepresentation at issue in Vista's non-dischargeability claim is not predicated on Mr. Rodriguez's failure to hold a contractor's license.

-12-

because of the fresh start objectives in bankruptcy, doubt it to be resolved in the debtor's favor."
*Bellco First Fed. Credit Union v. Kaspar (In re Kaspar),* 125 F3d 1358, 1361 (1997)(applying 11 U.S.C. § 523(a)(2)(B))(citation omitted).

Vista has failed to establish by a preponderance of the evidence that the debt represented by the Judgment is non-dischargeable under 11 U.S.C. § 523(a)(2)(A). The Court will enter a separate judgment consistent with these findings of fact and conclusions of law.

                      /s/ Robert H. Jacobvitz
                      ROBERT H. JACOBVITZ
                      United States Bankruptcy Judge

Date entered on docket:  February 4, 2015

COPY TO:

Michael K Daniels
Attorney for Plaintiff
PO Box 1640
Albuquerque, NM 87103-1640

Francisco L. Rodriguez
Defendant
441 Charleston St. S.E., Apt #B
Albuquerque, NM 87108

-13-